Let findings be made.

---

## FLUGRATH v. VILLAGE OF PATCHOGUE.

(Supreme Court, Appellate Division, Second Department. December 28, 1911.)

1. APPEAL AND ERROR (§ 1047*)—RECEPTION OF EVIDENCE—PREJUDICIAL EFFECT.

   It was reversible error to permit hearsay evidence to remain in the case after objection and motion to strike out.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4146–4152; Dec. Dig. § 1047.*]

2. MUNICIPAL CORPORATIONS (§ 162*)—DUTIES OF CLERK—COMPENSATION—VITAL STATISTICS—DUTY TO KEEP.

   No duty rests on the clerk of a village to record vital statistics, such work being a part of the duties of the clerk of the board of health, so that extra compensation cannot be paid by the village for the re-recording and indexing them by the clerk after expiration of his term.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 357–367; Dec. Dig. § 162.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Suffolk County Court.

Action by J. Fred Flugrath against the Village of Patchogue. From a County Court judgment reversing a justice's judgment in favor of plaintiff, he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John R. Vunk, for appellant.

George H. Furman, for respondent.

WOODWARD, J. The plaintiff, while holding the office of clerk of the board of trustees of the village of Patchogue, performed certain services which, if not within his official duties, were so closely allied with them that it would be difficult to distinguish between them, and some of these services, which involved the so-called re-recording and indexing of certain vital statistics, were continued after his term of office. This action was brought to recover for these services in addition to his compensation as clerk, and resulted in a verdict of a jury in justice's court for the full amount of the claim.

[1] An appeal was taken to the County Court, where the judgment was reversed; the learned trial court handing down a memorandum from which it appears that his controlling thought was that it was error to permit certain hearsay evidence to remain in the case, after objection and a motion to strike out. There can be no doubt of the correctness of the learned County Court upon this point, and, while many other interesting points are suggested, we deem it unprofitable to pursue the discussion at this time, except to suggest that in actions of this character it should be made to plainly appear that there is a legal obligation on the part of the municipality. In this case, as to the most important services, it is very doubtful whether the village of Patchogue had any authority to authorize the expenditure for the so-called re-recording of vital statistics, or the indexing of the same.

[2] No duty rests upon the village clerk to record these statistics in the first instance—that is the duty of the clerk of the board of health—and the so-called re-recording would not amount to a recording at all; only the original entries of the clerk of the board of health would be of use in any event, and just why the taxpayers should be burdened for making a copy of such statistics does not clearly appear to us at this time. At any rate, the case contains the fatal error mentioned by the court below, and the judgment of the County Court should be affirmed.

The judgment appealed from should be affirmed, with costs.

JENKS, P. J., and CARR and RICH, JJ., concur. THOMAS, J., concurs in result.